```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICAN & STATE OF
NEW YORK ex. Rel. SHIVANIE RATTAN and         **ORDER ADOPTING**
SHIVANIE RATTAN in her individual             **REPORT AND**
capacity,                                     **RECOMMENDATION**

                    Plaintiffs,               11-cv-6259 (KAM)(SMG)

    -against-

EPISCOPAL HEALTH SERVICES, INC., &
RESTORIX HEALTH (NEW YORK) LLC, a/k/a
THE CENTER FOR WOUND HEALING,

                    Defendants.

----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On December 22, 2011, plaintiff Shivanie Rattan, commenced this action as relator on behalf of the United States and the State of New York and on behalf of herself individually, against Episcopal Health Services, Inc. ("EHS") and Restorix Health ("Restorix"), also known as The Center for Wound Healing (collectively, "defendants"). (ECF No. 1.) Ms. Rattan filed a first amended complaint on November 7, 2012. (ECF No. 4.) The complaints were filed under seal pursuant to 31 U.S.C. § 3730(b)(2). The first amended complaint was unsealed by Order dated January 13, 2014. (ECF No. 9.) Ms. Rattan filed a second amended complaint ("SAC") on May 23, 2014. (ECF No. 21.) The SAC alleges violations of the False Claims Act ("FCA"), 31

U.S.C. § 3729, *et seq.*, the New York State False Claims Act[1], and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

On August 7, 2014, defendants moved to dismiss the SAC. (ECF Nos. 25, 32.) The court referred defendants' motions to dismiss to Magistrate Judge Steven M. Gold for a Report and Recommendation. (Order Referring Mot. dated 9/16/14.) Judge Gold heard oral argument on the motions to dismiss on February 11, 2015, at which time, he concluded that Restorix's motion raised matters outside the pleadings and thus converted Restorix's motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). (Minute Entry for 2/11/15 Hearing, ECF No. 39.) Judge Gold also offered to allow additional discovery but none of the parties requested any additional discovery at the oral argument or at any point thereafter. (*See* Tr. of 2/11/15 Hearing at 15, ECF No. 40.) Judge Gold set a schedule for additional briefing for Restorix's motion for summary judgment, and the motion was fully briefed on May 13, 2015. (ECF Nos. 46-54.) By letter dated May 18, 2015, Ms. Rattan also requested leave to file a third amended

---

[1] As stated in the Report and Recommendation ("R&R"), both the federal and New York State False Claims Acts use identical language and the claims brought pursuant to both are analyzed in the same away. (R&R at 4 n.4, ECF No. 59.) Consequently, the court's discussion of the FCA applies to the New York State False Claims Act in equal measure.

pleading. (ECF No. 56.)

On July 13, 2015, Judge Gold issued a R&R recommending that the court grant defendants' motions and dismiss each of Ms. Rattan's claims with prejudice and deny leave to file a third amended complaint. (R&R at 25, ECF No. 59.) On July 27, 2015, Ms. Rattan filed her objections to the R&R. (ECF No. 60.) On August 12, 2015, defendants filed their responses to Ms. Rattan's objections. (ECF Nos. 61, 62.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The court has nonetheless conducted a *de novo* review of Judge Gold's entire Report and Recommendation.

Ms. Rattan objects to Judge Gold's recommendation of dismissal of her FCA claims on the grounds that (1) the certification language on the Medicaid billing form differs from

that of the Medicare form cited in the R&R; (2) the R&R improperly relies on *United States ex rel. Michael Dunn v. North Memorial Health Care et al.*, Civil No. 10-4673, 2012 WL 6552791 (D. Minn. Dec. 14, 2012); and (3) the R&R misconstrues the direct supervision exception for services performed on hospital premises. Ms. Rattan also objects to Judge Gold's recommendation that the court deny her leave to extend the time for service on defendants with respect to her employment discrimination claims and deny Ms. Rattan leave to amend her complaint for a third time. The court addresses each of Ms. Rattan's objections in turn.

**A. FCA Claims**

The R&R recommended dismissal of Ms. Rattan's FCA claims on the ground that there is no genuine dispute of material fact that the claims submitted to Medicare were not "false" under the FCA. (R&R at 17-23.) As the R&R discusses in greater depth, liability under the FCA requires a showing of materiality, that the false or fraudulent claim would have "influenced the government's decision to pay." (*Id*. at 19) (quoting *Mikes v. Straus*, 274 F.3d 687, 697 (2d Cir. 2001).) Ms. Rattan contends, via her complaint and affidavit, that during her employment with Restorix, which provided hyperbaric oxygen therapy services, she prepared Medicare and Medicaid

billing forms for two physicians to sign at her supervisor's direction, and that the physicians signed the forms even though they were not present when the services were performed. (R&R ¶ 19.) Judge Gold found, however, that in light of the fact that under the applicable federal rules and regulations, a physician's "presence" is presumed when a procedure such as hyperbaric oxygen therapy is performed on the grounds of a hospital, and it is undisputed that the procedures at issue were performed in the St. John's Episcopal hospital building, no materially false claims were made by Restorix.

Among many other reasons provided in the well-reasoned and thorough R&R, Judge Gold cited the Medicare certification on the back of the sample billing form submitted by Ms. Rattan that provides the basis for her claim. (R&R at 23.) The R&R noted that the certification language makes plain that "a physician signing the form represents that the services for which reimbursement is being sought must have been performed under the physician's personal supervision 'except as otherwise permitted,'" and that the federal rules and regulations otherwise permit the provision of hyperbaric oxygen therapy services without the direct supervision of a physician when performed on hospital grounds. (*Id.*)

Ms. Rattan objects to the recommended dismissal of her

FCA claims, because the Medicaid certification language does not contain such an exception. (Obj. at 2.) The court finds Ms. Rattan's objection unavailing, because Ms. Rattan has failed to allege any facts (or otherwise provide support) to suggest that any of the physician-endorsed forms were submitted for Medicaid reimbursement. (*See* SAC; Affidavit of Ms. Rattan, ECF No. 51.) Other than plaintiff's conclusory and vague allegations that Restorix "systematically overbilled Medicare and Medicaid," (SAC ¶ 2), Ms. Rattan alleges a single instance on or about January 26, 2009 when a biller working for Restorix submitted a bill to *Medicare* for treatment as if a physician had been present when no physician was present for treatment (SAC ¶ 26). Consequently, whether the certification language cited in the R&R provided the same exception for Medicaid as it does for Medicare reimbursement is not relevant to the disposition of Ms. Rattan's FCA claims.

Ms. Rattan's objection that the R&R improperly relied upon *Dunn* is groundless. As an initial matter, the R&R cited *Dunn* as persuasive, not controlling, authority. In *Dunn*, the court dismissed the complaint, because during the relevant timeframe, direct supervision for hospital outpatient cardiac and pulmonary rehabilitation services was presumed pursuant to 42 C.F.R. § 410.27 and thus no materially false claim was made

in violation of the FCA. 2012 WL 65522791, at *6. The court, like Judge Gold, finds *Dunn* to be persuasive when applied to the facts in this case.

In her objections, Ms. Rattan reiterates the argument in her opposition to Restorix's motion for summary judgment that Restorix does not constitute an outpatient department of the hospital. (*See* Obj. at 4; Mem. of Law in Opp. to Def. Restorix' Mot. for Summ. J. at 8, ECF No. 52.) As the R&R cogently explained, the regulations merely require that the services at issue be "'furnished at a department of a hospital,' not that a provider of support services, like Restorix, itself be a department of a hospital." (R&R at 22 n.9)(quoting 65 Fed. Reg. 18,434,18525 (Apr. 7, 2000).) The court finds that there is no basis for Ms. Rattan's redundant argument.

B. **Rule 4(m)**

Ms. Rattan also objects to the recommended dismissal of her Title VII claim pursuant to Federal Rule of Civil Procedure 4(m) on the grounds that the R&R creates a "new rule" and that defendants have not specified any actual prejudice. As the R&R discusses in detail, the FCA requires that when a civil action is commenced by a private person, the complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so

orders. (R&R at 8 (citing 31 U.S.C. § 3730(b)(2).) Here, the government requested numerous extensions of that 60-day period and decided not to intervene in January 2014, when the complaint was unsealed and served on defendants more than two years after the first complaint was initially filed. (R&R at 8-9.) Ms. Rattan requested an extension of time to serve her complaint in a letter to Judge Gold dated February 26, 2015 after the timeliness problems were identified in defendants' motions to dismiss and during oral argument. (R&R at 11.)

  The court acknowledges that the circumstances leading to the delay in service in this case are unique. Other district courts have confronted the question of whether the statute of limitations is tolled when a relator filing a FCA claim under seal later attempts to amend the complaint to add additional claims. *See Hayes v. Dept. of Educ. Of City of New York*, 20 F. Supp. 3d 428 (S.D.N.Y. 2014); *United States ex rel. Deering v. Physiotherapy Associates, Inc.*, 601 F. Supp. 2d (D. Mass. 2009). Courts are then required to analyze whether the new claims relate back to the first complaint pursuant to Federal Rule of Civil Procedure 15(c). The Second Circuit has held in a FCA action that a claim brought outside the statutory limitations period cannot relate back to the filing date of a complaint that was never served on the defendant:

> The secrecy required by § 3730(b) is incompatible with Rule 15(c)(2), because (as is well-settled) the touchstone for relation back pursuant to Rule 15(c)(2) is notice, *i.e.,* whether the original pleading gave a party adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense. The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. By design, the seal provision of § 3730(b) deprives the defendant in an FCA suit of the notice usually given by a complaint. Because any relation back of subsequent filings to the original complaint is incompatible with the core requirement of notice under Rule 15(c)(2), continued running of the statute of limitations is warranted.

*United States v. The Baylor Univ. Med. Ctr.*, 469 F.3d 263, 270 (2d Cir. 2006)(internal quotations and citations omitted).

The facts before the court here, however, differ from *Baylor* in that Ms. Rattan did include her Title VII claim when she initially filed her complaint in December 2011 and thus she timely filed her Title VII claim under the applicable statute of limitations, but she did not serve the amended complaint until more than two years later, in violation of Rule 4(m). Additionally, Ms. Rattan's joined Title VII claim is entirely unrelated to her FCA claim, unlike in *Hayes* and *Deering* where the claim that plaintiffs wanted to add was a retaliation claim under the FCA. The court also notes that in her initial complaint filed on December 22, 2011, Ms. Rattan also included a claim under the New York Minimum Wage Act for Restorix's alleged

9

failure to pay overtime, but that she dropped her overtime claim when she filed her first amended complaint on November 7, 2012. (*Compare* Compl. ¶¶ 11, 25-27, ECF No. 1 *with* First Am. Compl., ECF No. 4.)  By summons and complaint dated November 13, 2012, Ms. Rattan filed a complaint in civil court of the state of New York asserting violation of the New York Minimum Wage Act based on the same allegations that were included in her first complaint.  (*See* Mem. of Law in Supp. of Restorix's Mot. to Dismiss, Ex. 2, ECF No. 33.)

The court finds that the R&R appropriately recommended denial of an extension of time to serve Ms. Rattan's Title VII claim on defendants after weighing the relevant factors.  Ms. Rattan's contention that defendants "have failed to specify any actual prejudice caused by the delay" is not only contradicted by defendants' memoranda and the reasons articulated in the R&R, but the Second Circuit has also stated that "[i]t is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired." *Zapata v. City of New York*, 502 F.3d 192, 198-99 (2d Cir. 2007).  Here, Ms. Rattan has failed to convince the court that the need to file her FCA claim under seal is necessarily

10

good cause for her failure to provide notice to the defendants of the Title VII claim for more than two years. Because the Title VII and FCA claims are factually unrelated, there is no risk that filing a Title VII claim would somehow undermine the secrecy of the FCA claim. Additionally, that Ms. Rattan filed her New York overtime claims in state court and dropped them from her federal case suggests that her decision to file her Title VII claims together is due either to her deliberate decision, mistake or neglect, none of which constitutes good cause for an extension of time. *See id.*

C. **Failure to Exhaust Administrative Remedies**

Ms. Rattan sole objection to the R&R's finding that Ms. Rattan failed to exhaust her Title VII claim against EHS is a conclusory statement that "there was plenty of evidence to conclude that [ ] Defendant EHS was sufficiently on notice of Ms. Rattan's human rights complaint and had interests sufficiently similar to those of Defendant Restorix to be a proper party to this Title VII proceeding." (Obj. at 7.) Upon the courts *de novo* review, the court adopts Judge Gold's cogent analysis and dismisses Ms. Rattan's Title VII claim for failure to exhaust administrative remedies.

D. **Leave to Amend and Request for Discovery**

The court has reviewed the record *de novo* and also

11

adopts the R&R's recommended denial of Ms. Rattan's requests for leave to amend her complaint and for additional discovery in this case. The court finds that Ms. Rattan's proposed amendment which she previously raised in her letter to Judge Gold dated May 18, 2015 (ECF No. 56), is futile for the reasons stated by Judge Gold in the R&R. Although Ms. Rattan apparently hopes to allege more clearly in a third amended complaint that Restorix assisted in preparing claims for submission by EHS or its physicians, Judge Gold determined that this amendment would be futile, because he did "not rely on Restorix's argument that it did not submit claims in recommending that its motion for summary judgment be granted." (*See* R&R at 24.) The court also finds futile Ms. Rattan's other proposed amendment, raised for the first time in her objections, to "make clear that even if the services at issue were properly coded, it was still fraudulent for the doctors at issue to claim credit for the services." Whether or not it was fraudulent for the physicians to claim credit for the services at issue, the physicians' actions do not meet the materiality requirement of the FCA if the actions would not have influenced whether or not a claim would have been reimbursed by the government.

Finally, Ms. Rattan makes no argument as to why the denial of discovery is improper, stating merely that Judge Gold

"erred." (Obj. at 7.) Plaintiff does not explain how additional discovery would be relevant or defeat Restorix's motion for summary judgment. In light of the fact that Judge Gold offered the parties an opportunity to take additional discovery and that the discovery that Ms. Rattan seeks would not overcome summary judgment in any event, the court adopts the R&R's denial of Ms. Rattan's request for discovery.

Accordingly, the court adopts the R&R in its entirety. The court dismisses each of the Ms. Rattan's claims with prejudice. The Clerk of Court is respectfully directed to enter judgment in favor of defendants and close this case.

**SO ORDERED.**

Dated:    January 7, 2016
         Brooklyn, New York

                                             ___/s/_____
                                             Kiyo A. Matsumoto
                                             United States District Judge